Sean E. Macias, SBN 201973
**MACIAS COUNSEL, INC.**
302 West Colorado Blvd.
Pasadena, California 91105
Tel: (626) 844-7707
Fax: (626) 844-7717

Darren Spielman (Pro Hac Vice)
Kain & Associates
900 S.E. 3rd Ave. Suite 205
Ft. Lauderdale, FL 33316
Tel: (954)768-9002
Fax: (954)768-0158

Attorneys for Defendants Exist, Inc. And Ross Stores, Inc.

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIRE, LLC, d/b/a RUNWAY TEXTILE, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EXIST, INC., a Florida corporation, LANY GROUP LLC., a New York limited liability company; SIMPLY FASHION STORES, INC., an Alabama corporation; and RAINBOW USA, INC., a New York corporation.<br><br>Defendants. | Case No: CV12-06650 DSF (AGRx)<br>_Honorable Dale S. Fisher Presiding_<br><br>~~STIPULATED~~ **PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS AND INFORMATION** |

**NOTE CHANGES MADE BY THE COURT**

1

Pursuant to the Stipulation of the Parties, and good cause appearing the Court hereby orders that:

**STATEMENT OF GOOD CAUSE:** This action involves claims for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.* The parties, who are variously manufacturers, licensors and vendors of textile designs, and apparel distributors and retailers, are direct and/or indirect competitors of each other. ~~Plaintiff alleges that Defendants have engaged in activities for the Plaintiffs in without dealings.~~ The parties therefore recognize that extensive discovery requesting ~~information from the parties, their~~ vendors, customers, import and export practices, licensees and clients, including financial information, sales information, customer information, market information and other commercially and competitively sensitive information may be necessary to prove and/or disprove Plaintiff's claims and Defendants' defense thereto.

There will also potentially be multiple depositions of the parties' employees or agents and third party vendors, customers, licensees or clients and such persons will likely be asked to answer questions on these potentially sensitive subject areas. The parties and their vendors, customers, licensees and clients, are direct or indirect competitors in the industry, will likely be placed at a competitive or economic disadvantage if such confidential and/or proprietary information is disclosed to other parties and/or the public at large. A protective order ("Protective Order" or "Order") is therefore necessary to avoid any prejudice or harm in the form of loss of competitive advantage which would likely result if such information was disclosed in the absence of the protections set forth herein. This Order is also necessary for the orderly management of this litigation. Without this

Order, the exchange of party information, as well as information needed from third parties, including most importantly the parties' vendors, customers, licensees or clients may become logistically very difficult, time consuming and expensive.

**A.   Definition of "Confidential Information"**

1.   "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that is designated "Confidential" or "Confidential- Attorney's Eyes Only" pursuant to this Order and:

(a) is protected under the Uniform Trade Secrets Act, California Civil Code section 3426, et. seq., in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use; and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

(c) is otherwise regarded by a party as being confidential, private, or proprietary in nature; and

(d) with respect to "Confidential- Attorney's Eyes Only" is highly [proprietary technical or business information that could be injurious to the commercial interests of the designating party if disclosed; and]

(e) as illustrative examples only, the parties anticipate that the following descriptive categories will be designated as Confidential Information under this Order, including, but not limited to, customer lists, customer information, confidential financial information of the parties, including profit margins, pricing information, sales data, costs, profits, and retail sales summaries, vendor lists, order summaries, import and export data, confidential contracts, and proprietary fabric/style specifications.

2.   Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, information relating to the following:

any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

3. All designations of any information as Confidential Information by any party or witness in this matter shall be governed by the terms of this Order.

## B. General Terms

1. The party by whom any disclosure of Confidential Information is made is referred to herein as the "Disclosing Party" and the party to whom disclosure is made is referred to herein as the "Receiving Party."

2. No Receiving Party shall disclose, publish, disseminate, or use, other than as expressly permitted herein, any Disclosing Party's Confidential Information. Each Receiving Party will exert all reasonable efforts to prevent any unauthorized use, disclosure, publication or dissemination of a Disclosing Party's Confidential Information.

3. This protective order governs discovery. Any Confidential Information used at trial shall become public absent a separate court order upon written motion and sufficient cause shown.

## C. Levels of Confidentiality

1. Until and unless the Court rules that any material designated as "Confidential - Attorney's Eyes Only" should be disclosed beyond the limits permitted by this Order with respect to such designation, access, copying or dissemination of information, documents and things so designated shall be limited to:

(a) Counsel of record and their partners, associates and of counsel attorneys, and their employees who are not employees of the parties or their affiliates, including stenographic, clerical and paralegal employees, whose functions require access to such Confidential Information;

4

(b) Independent experts or consultants for each party and their clerical personnel who are not employees of the parties or their affiliates and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with this action provided that (i) before such access is given, such person is provided with a copy of and agrees to be bound by the terms of this Protective Order, (ii) the party making such disclosure shall keep a record of the Confidential Information disclosed to such person, and (iii) if any such person is a direct competitor of the designating entity or is affiliated with any enterprise that is in a position to commercially exploit information marked "Confidential - Attorneys' Eyes Only" (hereinafter an "Expert Competitor"), then the party seeking to disclose information marked "Confidential - Attorneys' Eyes Only" to the Expert Competitor must deliver written notice to the designating entity of its desire to do so at least five (5) business days before making disclosure to the Expert Competitor. During this period, the recipient of such notice may object to the disclosure of all or any portion of the information marked "Confidential - Attorneys' Eyes Only" to the Expert Competitor. In the event of such objection, the designating entity and the party seeking to disclose information to an Expert Competitor shall attempt in good faith to negotiate a stipulation to delineate what information marked "Confidential - Attorneys' Eyes Only" may be disclosed to the particular Expert Competitor and the circumstances under which such disclosure may be made. If they cannot agree, the party seeking to disclose information marked "Confidential - Attorneys' Eyes Only" to the Expert Competitor shall not do so without first obtaining Court approval pursuant to the applicable Local Rules. In determining whether to categorize a person as an Expert Competitor for purposes of this paragraph, counsel shall exercise reasonable judgment as to

whether any enterprise with which such person is known to be affiliated is in a position to commercially exploit information marked "Confidential - Attorneys' Eyes Only";

 (c) The United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California, before which this action is pending;

 (d) Witnesses for deposition and counsel for such witnesses in the course of a deposition or, following the issuance of a notice to take the deposition of a witness, in preparation for such witness's deposition; provided that (i) such witnesses are provided with a copy of and agree to be bound by the terms of this Protective Order, (ii) the party making such disclosure to the witness shall keep a record of the Confidential Information disclosed to such witness and (iii) at least five business days in advance of the disclosure of information marked "Confidential - Attorneys' Eyes Only", the party seeking to disclose such information shall so inform the entity who designated the information as confidential and such designating entity shall be entitled to object to the disclosure in which event they shall attempt in good faith to negotiate a stipulation to delineate what information marked "Confidential Attorneys' Eyes Only" may be disclosed to the particular witness and the circumstances under which such disclosure may be made. If the parties cannot agree, the party seeking to disclose the information marked "Confidential - Attorneys' Eyes Only" at or in preparation of a witness for a deposition shall not do so without first obtaining Court approval pursuant to the applicable Local Rules; and

 (e) Any other person that the parties hereto agree to in writing.

2. Until and unless the Court rules that any material designated as "Confidential" should be disclosed beyond the limits permitted by this Order with

6

respect to such designation, access, copying or dissemination of information, documents and things so designated shall be limited to:

(a) All persons to whom material designated "Confidential Attorney's Eyes Only" may be disclosed pursuant to Paragraph C(l) hereof.

(b) The parties to this action including in-house counsel and outside counsel of the parties; and

(c) Any other person that the parties hereto agree to in writing.

*[handwritten: 3. Nothing herein prevents a party from seeking leave to amend the complaint in this action to add a defendant(s) based on Confidential Information disclosed in this action. AGR]*

**D. Procedures for Confidentiality Designations**

1. Documents and other materials shall be designated "Confidential" or "Confidential - Attorneys' Eyes Only" by use of a reasonably conspicuous and prominent mark. In the case of documents, the mark shall appear on every page.

2. Any party may designate deposition testimony or exhibits as "Confidential" or "Confidential - Attorneys' Eyes Only" during the deposition by so stating on the record in which case the Court Reporter shall bind separately those portions of the testimony and/or exhibits designated as "Confidential" or "Confidential - Attorneys' Eyes Only" and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits "Confidential" or "Confidential - Attorneys' Eyes Only", as appropriate. Once testimony has been designated as "Confidential" or "Confidential - Attorneys' Eyes Only", only the deponent, the Court Reporter or Videographer and those persons authorized under this Order shall remain present during the testimony.

3. In addition, within three weeks after receipt of the transcript, a party may advise opposing counsel and the Court Reporter in writing of any additional specific pages of the transcript and of exhibits to be maintained in confidence and

such material shall thereafter be treated as "Confidential" or "Confidential - Attorneys' Eyes Only", as designated, in which case the parties and the Court Reporter shall conform the originals and all copies of the transcripts and deposition exhibits in their possession to reflect such confidentiality designations and shall re-bind separately those portions of the testimony and/or exhibits designated as "Confidential" or "Confidential - Attorneys' Eyes Only" and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits "Confidential" or "Confidential- Attorneys' Eyes Only", as appropriate. Any disclosure made by the Receiving Party prior to receipt of the written designation shall not be a violation of this Order.

4. Each Court Reporter and Videographer participating in any deposition shall be provided with a copy of this Order.

### E. Protection of Confidential Information

1. Absent a Court order, Confidential Information bearing a label specified herein shall not be made public by a counsel, party and/or witness to whom they are disclosed, unless they become a part of the public record of this action.

2. When a party seeks to file under seal any documents, things, or testimony in whatever form that are designated as "Confidential" or "Confidential - Attorneys' Eyes Only" submitted with an application to file in compliance with ~~are filed with the Court,~~ they shall be ~~maintained~~ under seal ~~with the United States District Court for the Central District of California, pursuant to this Order, after the parties comply with~~ the procedures set forth in Local Rule 79-5 for the filing of records under seal, or as otherwise ordered by the Court. All such Confidential Information will be submitted ~~filed~~ in a sealed envelope that contains an indication of the general nature of the contents of the envelope, and has endorsed thereon the title and docket number of this action and a boldface label conspicuously placed on the front of the said envelope stating:

8

THIS ENVELOPE CONTAINS DOCUMENTS, THINGS, OR TESTIMONY WHICH ARE 'CONFIDENTIAL" (OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY") AND SUBJECT TO THE TERMS OF A PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. IT IS NOT TO BE OPENED OR THE CONTENTS DISPLAYED OR REVEALED EXCEPT TO THIS COURT AND ITS STAFF.

3. To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

4. All parties to this action, their counsel, and all other persons subject to this Order shall be bound by this Order and shall abide by all of the terms of this Order until otherwise ordered by the United States District Court for the Central District of California, or by written notice releasing them from the respective obligation received from the pertinent Disclosing Party.

5. In the event that a person to which Confidential Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "subpoenaed party") produce information, documents, things or other materials that have been designated as Confidential Information, the subpoenaed party shall promptly notify the designating party of the demand. If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials; provided that the designating party shall bear all expenses, including attorneys' fees, incurred by the subpoenaed party in connection therewith.

6. In the event that information designated as Confidential Information is contemplated to be used at trial, the Receiving Party seeking to use such



information shall give notice to the ~~Court and the~~ Designating Party of its intention to use the Confidential Information at trial sufficiently in advance of its contemplated use so that the Court can have the matter heard. ~~The Designating Party continues to bear the burden of showing to the Court that there is good cause to keep the materials sought to be used at trial as subject to and treated under the terms of this Protective Order so that the Court may keep the Confidential Information exempt from public disclosure even though the Confidential Information is used at trial.~~

7.  After this matter is concluded, each recipient of Confidential Information shall continue to respect all obligations hereunder as to such designated materials.

8.  At the conclusion of this matter by lapse of all appeal right after entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, each Disclosing Party may request that all recipients either destroy or return to the Disclosing Party all materials designated by such Disclosing Party as Confidential Information (including any copies, summaries, or excerpts thereof except privileged attorney work product of the non-producing party or any documents filed with the Court) and the recipients shall promptly comply with such request. The Receiving Party shall not retain any copies of such materials for any purpose including archival without the express written consent of the Disclosing Party, except: (a) for archival purposes, the Receiving Party will be entitled to maintain a record by list or directory for the documents that were received and returned; and (b) outside counsel of record may retain bona fide work product provided counsel complies with all obligations hereunder as to such designated materials.

9.  Nothing contained herein shall preclude a party from (a) using or disseminating its own Confidential Information in any way; (b) disclosing

information taken from a document marked "Confidential" or "Confidential-Attorneys' Eyes Only" to any person who on the face of that document is shown as having previously received the document; (c) disclosing Confidential Information of the party that designated the information as such to an officer, director, or manager of that designating party, or to other witnesses designated by that designating party pursuant to Rule 30(b)(6), F.R.Civ.P.; (d) disclosing information which, at the time of disclosure, was already in the recipient's possession or available to it from any other source having no obligation to the party or nonparty witness which is the source of said information or which is, or at any time hereafter becomes, available to the public or which, after access is gained through disclosure in this action, is at any time obtained by the recipient from any other person, firm or company having no obligation to or relationship with the source of said information; or (e) intentionally waiving in writing any provision in this Order with respect to any Confidential Information designated by it without further order of the Court.

F.     **Inadvertent Disclosure**

1.     Inadvertent failure to designate Confidential Information as such prior to disclosure, production or response will not prevent a subsequent confidentiality designation by letter promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving party prior to receipt of the letter shall not be a violation of this Order. The inadvertent or unintentional disclosure of any other privileged or protected item (such as work product material), regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of

Case 2:12-cv-06650-DSF-AGR Document 59-3 Filed 09/09/13 Page 77 of 78 Page ID #:584

protection or privilege either as to the specific information disclosed therein or on the same or related subject matter.

2. The Disclosing Party shall assert any such privilege or protection claim promptly upon discovery of its inadvertent production by notifying the recipient of its claim in writing or orally at a deposition or other hearing of record. Upon receipt of such notice, the recipient shall promptly destroy, sequester, or return all copies of the document or information to the producing entity. Such document or information shall not be introduced into evidence in this or any other proceeding by any person without consent of the producing entity or by order of the Court, nor will such document or information be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

3. If the Receiving Party disclosed the protected or privileged item before being notified of the Disclosing Party's claim of protection or privilege, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

### G. Additional Relief

1. No party is prevented from seeking additional protection not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

2. To the extent that there are any disputes relating to this Protective Order, such as the designation of Confidential Information, Local Rule 37 ~~7-3 through 7-18~~ shall govern the procedure for resolving such disputes. In making or opposing any motion relating to the designation of Confidential Information, the party seeking to



maintain a document under the Protective Order shall bear the burden of showing specific prejudice or harm if the information sought to be protected is disclosed to the public. *See e.g., Phillips ex rel. Byrd v. General Motors Corp.,* 307 F.3d 1206 1210-1211 (9th Cir. 2002).

3. This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings herein ~~in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.~~

IT IS SO ORDERED.

DATED: Sept. 24, 2013

*Alicia G. Rosenberg*

UNITED STATES MAGISTRATE JUDGE